Case number 18-6227 United States of America v. Tracy Baskerville Oral argument of thought, Chief Seed, 15 minutes per side Mr. Jagger for the appellant Good afternoon Good afternoon, may it please the court My name is Stephen R. Jagger and I represent Tracy Baskerville I reserve two minutes for rebuttal I ask the court to please let me know if you have difficulty hearing me May I proceed? You may proceed, yes Mr. Baskerville raises two primary issues in this appeal The first issue addresses whether the district court erred when determining Mr. Baskerville to be a career offender and an armed career criminal The second argument is whether Mr. Baskerville is entitled to a third point for his acceptance of responsibility The government has sought dismissal of this appeal, asserting that Mr. Baskerville's challenges had been waived by him That motion to dismiss was referred to the panel for consideration and I will address that first No waiver occurred, but even as though, the interests of justice are not served by a strict application of the waiver doctrine At most, Mr. Baskerville only forfeited the issues and this court has the discretion to correct forfeited errors if they constitute plain error review Likewise, Rule 52 provides that plain error of a forfeited issue is permitted and may be noticed, although not brought to the attention of the district court Whether the circumstances of a particular case justify deviation from the normal application of the waiver doctrine again, is discretionary and the waiver must be considered in the full context of the case The facts show that Mr. Baskerville entered a plea of guilty based upon a plea agreement that does not classify him as either a career offender or an armed career offender In that agreement, the government maintains that Mr. Baskerville is entitled to a three-point reduction because of his acceptance or responsibility If that had occurred, the penalty range would have been 120 to 150 months with a maximum sentence of 20 years but no mandatory minimum Counselor, can I ask you a question? The problem is that at the sentencing when counsel was asked whether there were any objections to the PSR, he said there weren't any He said the report was accurate as tendered and the defense did not tender any objections Why is that not a waiver as to anything that was in the PSR? I think a close reading of the transcript shows that Mr. Baskerville's counsel does not explicitly consent to the district court's sentencing scheme He does acknowledge, we will concede, that he says the PSR was accurate as tendered The interesting thing about this case is the underlying convictions which ultimately gave rise to his classifications were the same convictions that were present in the first plea agreement So I don't think that we can say he waived anything because they had looked at those offenses or those convictions, I guess and he was not classified as either a career offender or an armed career criminal there Counsel, I believe, asked for a sentence of 16 years He doesn't invite any error and his failure to object to a sentencing error even though he acknowledges that he has no objection and did not file any objections I don't believe amounts to a waiver of the issues and this court is not foreclosed when the interest of justice demands otherwise and the court has the discretion to consider the assignment of errors But why, I mean, he says he says you have no discretion to give a sentence that's under 15 years, which is the minimum for a career offender. I mean, he's basically admitting that his client is a career offender and saying I know I can't ask for anything that's under 180 months or whatever, so that's what I'm asking for And I just don't see any, I don't I hear you, but I don't see any, I mean, there's just no objection and the PSR says he's a career criminal This issue was before the court, as you said, he withdrew his original plea he knew that it was on the table and eventually, I just, I don't see the objections of the sentencing. I don't, I mean, I just I mean, if I'm missing something, let me know No, I think that the the overall theme of the argument, for lack of a better way to put it, is just overall fairness in this particular case, and I think you have to go to the merits on it because yes, when he entered his first plea the plea was accepted, they probably knew what the penalty range was the PSR comes back this way and what I think the lawyer is, the trial attorney is saying is I don't disagree with the PSR it says what it is and that's what the guidelines say but I don't implicitly, I don't think he agrees to the to the sentencing range. He asked for 16 years, number one the sentencing range is 292, I believe, to 365 with the 15-year minimum, which he does acknowledge he does acknowledge the 15-year minimum he asked for a variance down from that And, Mr. I'm sorry? No, no, continue Well, Judge Cole, I just have one observation in addition to Judge Nalbanian's not to hold too much against Mr. Baskerville but I think he acknowledged himself, in his own words that he had this prior kidnapping and assault case back in 1995 that quote, that's what armed careers mean so you know, it seems that he acknowledged that he had this designation in addition to the points that Judge Nalbanian has made. I don't want to belabor the point because I'm assuming you want to get onto some other points but it seemed to be pretty clear acceptance by the by the attorney and by Mr. Baskerville and I guess your argument is just the interest of justice would justify this I think an interest of justice argument is pretty clear here based on the full circumstances of the case which we're asking the court to consider on how this all comes about If I could go ahead and move on to the second argument in the interest of time Sure, sure The underlying cases which gave rise which the district court found to be predicate offenses included an Alford plea not to kidnapping, it was complicity to unlawful imprisonment in the first degree and complicity to assault in the second degree the the application of the mandatory minimum of fifteen years in this case we believe to be plain error because the underlying convictions cannot be categorically proper predicate offenses when they're applied in reaching the sentencing enhancement The plea in 1994 when he entered the plea before the circuit court in Kentucky Mr. Baskerville explicitly in the plea agreement in the state case stated he did not stab or cut the victim, he did not put him in the trunk of the car he did not drive the car with the victim in the trunk and the Kentucky judgment that was entered by the circuit judge down there explicitly states that the conviction does not make him a violent offender The court seems to have relied on facts that are neither inherent in the state convictions nor admitted by the defendant in classifying these as violent offenses Mr. Baskerville's particular conviction was under the part of the statute that it references aids, counsels, or attempts to aid or counsel He never admitted the factual basis for the plea and the court could not rely on any factual determination during the plea colloquy before the state court Under plain error review, his substantial rights were clearly affected by this because without the designations the offense level, as I said, is much less than it is with the armed career criminal or career offender statute or offensing guideline The district court seems to have recognized that indicating that he I guess feels sorry for Mr. Baskerville or the words that he uses He's sort of stuck with the with the sentencing guideline. He does deviate, he does give a variance down to 240 months which is 52 months below the guideline range but even with that it is still 90 months higher than what the maximum would have been under the original plea agreement The designation completely changed the nature of the case and if you look at the comments made by the district court at sentencing it's likely that he would not have sentenced him to the maximum under the other guidelines because he he deviated down, I guess, is the best way for me to put it The third point of argument if there are no questions there, is the third point of acceptance or responsibility He was given two points under the sentencing scheme that was imposed The government had previously agreed to the three-point reduction and nothing really changed about acceptance or responsibility from that first plea agreement to the entry of the plea He never denied the factual elements of guilt under the underlying cases in the federal case He demonstrated throughout he accepted guilt for his criminal conduct The scheduling of trial did not relate to any issues about factual guilt It arose from a mutual mistake that was made by both parties in reaching the first plea agreement The government after the mistake was... Counselor, this is Judge Clay, I might have misunderstood you. I thought you said a couple minutes ago that the factual basis for his plea was not established at the plea hearing or that he didn't admit the factual specifics and now you're saying somewhat the opposite We're talking about two different things Well, I know we are, but I know we're talking about two different things, but what occurred factually at the plea hearing, there's only one version of what transpired Yes, the plea in a federal case, Ron, I'm talking about acceptance and responsibility for the federal case He never admits the facts in the state case for the predicate offense He always admits the underlying facts for the federal offense and that never changes Yet, when we get to the sentencing phase when we get to the sentencing phase the government withholds the, I guess, I don't know, the version in place at the time, they withhold the motion to give him the third point because they had to prepare for trial Unfortunately for them, that's their job Well, I mean, he either accepts responsibility or he doesn't He doesn't have an opportunity to present his position in a couple of different ways because the legal issues change He always accepted responsibility He accepted responsibility at the time of the first plea in federal court He accepts responsibility in his second plea in federal court and that position never changes. The only reason the case got set for trial was because of the underlying offense in Kentucky was classified as enough to make him a career offender and darned career criminal Chief Judge Cole Just a second. Chief Judge Cole, he has to be exhausted this time I appreciate it Did you have any final answer, Mr. Jager, to Judge Clay's question? Which was? I think we completed that Did you? Okay. Well, your time has expired but you'll have two minutes of rebuttal and we'll hear next from Mr. Gilbert Thanks Thank you May it please the court, this is AOSHA Gilbert and I would like to go ahead and address some of the things that Mr. Jager said here This case is not even properly reviewable on appeal because of the waivers in the district court Time and again in the district court defense counsel conceded that all the parts of the PSR were correct as the court has already excuse me, my voice is fading a little as the court has has mentioned already, the PSR does talk about several things, it talks about the criminal history which includes this this offered plea to complicity to second-degree assault in Kentucky it talks about how as a result of the criminal history Mr. Baskerville is a career offender and an armed career criminal it talks about the appropriate guideline and before the district court defense counsel did agree with every part of the PSR and not including just that but also regarding having only a two-point instead of a three-point reduction credit for acceptance of responsibility under 3E1.1 so because of all of this, I don't think there can be any reasonable dispute that all of these claims that he now raises on appeal were waived before the district court and therefore should not be reviewed by this court Second, even if it weren't waived the claim on whether the complicity to second-degree assault plea could be considered as a predicate crime that's pretty clear as well as the United States says in its brief the Collins case did say that categorically second-degree assault under Kentucky law is a crime of violence Mr. Baskerville doesn't address the Collins case but it seems that that is dispositive of the issue of whether that crime qualifies as a predicate crime for purposes of a career offender or armed career criminal status and then third, regarding the third point of reduction Mr. Baskerville simply relies on the wrong version of the sentencing guideline in his primary brief and then in his reply brief doesn't really respond to what the United States said in its brief the third point relies on a motion by the United States and it's clear here that the United States didn't make that motion because Mr. Baskerville waited until the morning of trial in fact the jury was already ready to be impaneled as I understand it waited until the morning of trial to plea guilty again the first guilty plea that resulted in the written plea agreement and counsel addressed that a little bit a minute ago that is not even really relevant to this because it was a result of mutual mistake the parties understood things to be the way they were the initial TSR came out and said otherwise and at that point defense counsel didn't object simply accepted what the TSR said about the career offender and armed career criminal status and it was in fact the defense counsel who moved to to withdraw that guilty plea and the United States agreed to that motion and at that point the slate was wiped clean several months then passed before trial was scheduled again and at that point Mr. Baskerville wanted to plead guilty again this time without an agreement and so I don't see where in the record it indicates that defense counsel ever actually objected to the TSR's characterization of the career offender or the armed career criminal classification so your honor I'm happy to address any questions but it seems to me that first of all this case isn't even properly reviewable but if it is then it's clear that the underlying crime is certainly a predicate offense and beyond that Mr. Baskerville is not entitled to that third point of reduction okay currently there are no further questions Mr. Gilbert thank you thank you very much your honor and again I apologize for my voice oh no no problem at all thank you Mr. Baker you have two minutes of rebuttal thank you again the argument would be that in the interest of justice in this case because of the mistakes that were made in the district court in the processing of the case by counsel would call for a review of the case on the merits the starting the only other thing that I want to say is is that the it's either acceptance responsibility or it's not and it seems to me that when the defendant accepts responsibility both the first time through the second time the first plea and the second plea and there is no change in that position when the United States is agreeing to the third point for acceptance responsibility but withholding it not because Mr. Baskerville changed his position but because they had to prepare for trial is completely contrary to their duty to act in the interest of justice and the prosecution of the case and I think I will end with that okay well thank you Mr. Yeager as well Mr. Yeager, I'm sorry we would like to thank you for taking this case under the Criminal Justice Act that is a service to your client Mr. Baskerville and to the system at large and we appreciate you taking the case on again thank you to both counsel for your arguments this afternoon the case will be taken under advisement we'll have a decision in due course and again have a good afternoon